## ASTROTECH, INC. v. COMMISSIONER OF TAXATION.

244 N. W. 2d 126.

June 25, 1976—No. 45947.

*Gainsley, Squier, Berman & Korsh, Thomas J. Squier,* and *Bradley C. Thorsen,* for relator.

*Warren Spannaus,* Attorney General, and *Richard W. Davis,* Special Assistant Attorney General, for respondent.

Heard before Peterson, MacLaughlin, and Scott, JJ., and considered and decided by the court en banc.

MacLAUGHLIN, JUSTICE.

This is a review on writ of certiorari to the Tax Court which had affirmed the denial by the commissioner of taxation (now

commissioner of revenue) of relator's claims for income tax refunds. The Tax Court concluded that relator had two "taxable years" during the calendar year 1969 and that relator's claim for a net operating loss carryback was accordingly limited. We affirm.

The Tax Court's decision in the instant case was based on stipulated facts. Relator, Astrotech, Inc., a Minnesota corporation, was incorporated on February 11, 1964. From that date until 1969, relator filed Federal and state income tax returns based upon an annual accounting period ending December 31st of each year. On March 19, 1969, Electro-Craft Corporation purchased 100 percent of relator's stock. At the end of the year, Electro-Craft Corporation elected pursuant to 26 USCA, § 1502, to file a consolidated Federal income tax return for itself and its controlled subsidiaries. Thus, relator's income for the period of March 20, 1969, to December 31, 1969, was reported on Electro-Craft Corporation's consolidated Federal income tax return. Relator filed a separate Federal income tax return for the period of January 1, 1969, to March 19, 1969. However, relator filed only *one* state income tax return for the entire calendar year of 1969. This return showed a net income of $8,571.49 and a total tax liability of $914. In contrast, the commissioner of taxation prepared *two* separate state income tax returns for relator for the year 1969. These returns show for the period of January 1, 1969, through March 19, 1969, a net income of $32,967.32 with a total tax liability of $3,678.54, and for the period of March 20, 1969, through December 31, 1969, a net *loss* of $24,395.83 with a token tax liability of $10. When relator filed its 1970 state income tax return showing an operating loss of $341,227, the commissioner applied this loss only to the tax due for the period ending March 19, 1969, resulting in a full abatement of that tax.

On October 1, 1971, relator filed two claims for refund of Minnesota corporate income tax. The claims were based upon relator's argument that it was entitled to an operating loss carryback to the years 1967 and 1969 (relator had no income in 1968)

because Minn. St. 290.095, the applicable statute, provides that a loss may be carried back to each of the three preceding taxable years. The commissioner denied the claims on the basis of his contention that relator had two tax accounting periods in the calendar year 1969 and therefore was only entitled to an operating loss carryback to the periods ending December 31, 1968, March 19, 1969, and December 31, 1969. The Tax Court affirmed the commissioner's denial of relator's claims.

The issue for decision is whether a taxpayer which filed two separate Federal income tax returns during a single calendar year has two "taxable years" during that calendar year for purposes of determining its net operating loss carryback for state income taxes.

Minn. St. 290.095, subd. 3, provides, in part:

"(a) * * * [A] net operating loss for any taxable year commencing on or after January 1, 1957 shall be:

"(1) A net operating loss carryback to each of the three taxable years preceding the taxable year of such loss."

In defining what may constitute a "taxable year" Minn. St. 290.095, subd. 5, states:

"Wherever, under the provisions of this chapter, any taxpayer is required or permitted to make a return for a period of less than 12 months, such period shall be deemed a taxable year in the application of the provisions of this section."

Thus, whether relator had two "taxable years" during the calendar year of 1969 depends on whether relator was required to make two separate state income tax returns, one for the period of January 1, 1969, through March 19, 1969, and another for the period of March 20, 1969, through December 31, 1969.

A Minnesota taxpayer is required to make a state income tax return for each accounting period. Minn. St. 290.07, subd. 1, provides, in part:

"* * * Taxpayers shall employ the same accounting period

*on which they report, or would be required to report, their net income under the federal income tax act.*" (Emphasis supplied.)

In the instant case, relator's parent corporation, Electro-Craft, elected to file a consolidated Federal income tax return for relator. That return covered only the period of March 20, 1969, through December 31, 1969. In such a situation, the pertinent Federal income tax regulations provide:

"*Separate return for period not included in a consolidated return.* If the consolidated return of a group properly includes the income of a corporation for only a portion of such corporation's taxable year * * *, then *the income for the portion of such taxable year not included in the consolidated return must be included in a separate return* * * *.*" (Emphasis supplied, in part.) 26 CFR § 1.1502—76(b)(2) (1975).

Thus, once having made the election to file a consolidated return for that part of the year following the consolidation, relator was required under the Federal income tax law to file a separate Federal income tax return covering the accounting period of January 1, 1969, through March 19, 1969. Relator did in fact file a *Federal* income tax return for this accounting period. Therefore, relator should have also filed a *state* income tax return for this period since Minn. St. 290.07, subd. 1, quoted above, requires taxpayers to employ for their state income taxes the same accounting period on which they report their income under the Federal income tax act.[1]

Relator's argument that it is not required to file a state income tax return for the period of January 1, 1969, through March 31, 1969, is based on its interpretation of the phrase "or would be required to report" in Minn. St. 290.07, subd. 1. Relator contends that Minn. St. 290.07 allows it to report state income for the same

---

[1] By the same reasoning relator should have also filed a state income tax return for the period of March 20, 1969, through December 31, 1969, since relator used that accounting period for reporting its income under the Federal income tax act.

accounting period that relator "would be required to report" Federal income if relator's parent corporation *had not elected* to file a consolidated Federal return. We must reject this interpretation. The controlling fact is that relator's parent corporation *did elect* to report relator's income on a consolidated Federal return. What relator's state income tax responsibility would have been if relator's parent corporation had not made such an election is irrelevant. Relator's state tax responsibility must be based on real, not hypothetical, facts. By electing to file a consolidated Federal tax return, relator presumably gained certain tax advantages, and it is inappropriate for it now to complain that its election also resulted in some tax disadvantages.

Relator also argues that the commissioner's interpretation violates Minn. St. 290.40, which requires state income tax returns to cover a 12-month period. However, relator overlooks the exceptions contained in this statute. Minn. St. 290.40 provides:

"The return shall cover a 12-month period, except in the following cases:

\* \* \* \* \*

"(3) A taxpayer who changes from one taxable year to another shall make a return from the fractional parts of a year, as specified in section 290.32."

Minn. St. 290.32 provides, in part:

"When under this chapter a taxpayer is permitted or required to make a return for a fractional part of a year, the tax shall be computed in the same manner as if such fractional part of a year were an entire year, \* \* \*."

As previously concluded, relator was required under Minn. St. 290.07, subd. 1, to make a return for a fractional part of the year. Thus, the conclusion that relator had two taxable years is not inconsistent with Minn. St. 290.40, but falls within its expressed exceptions.

It is clear from reading the statutory provisions that the legis-

lature intended the accounting periods used by a taxpayer for determining its state income taxes to be the same as the accounting periods used by that taxpayer for determining its Federal income taxes. Under Federal tax law relator had two taxable years in the calendar year 1969, and, therefore, we conclude that relator also had two taxable years under state tax law.

Affirmed.