**W.H. NEWBOLDS SON & COMPANY/HOPPER SOLIDAY & COMPANY, INC., Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1999.
Decided March 25, 1999.

Francis Mazzola, Harrisburg, for petitioner.

John J. Butcher, Harrisburg, for respondent.

Before COLINS, President Judge and McGINLEY, J., PELLEGRINI, J., FRIEDMAN, J., KELLEY, J., FLAHERTY, J., and LEADBETTER, J.

PELLEGRINI, Judge.

W.H. Newbolds Son & Co. (Newbolds) appeals from an order of the Board of Finance and Revenue of the Commonwealth of Pennsylvania (Board) refusing Newbolds' petition for review finding that it had two taxable years in 1989 and resettling its 1989 Pennsylvania corporate income tax liability into one tax return.[1]

From 1984 until January 6, 1989, Newbolds was a wholly-owned subsidiary of Providentmutual Holding Company (Provident). During that period, Provident and all of its affiliated companies, including Newbolds, chose to file consolidated federal income tax returns pursuant to Section 1501 of the Internal Revenue Code and the regulations promulgated thereunder, which allow an affiliated group of corporations to file a federal consolidated tax return on the basis of a common parent return, rather than separate company returns.[2] Under the federal consolidated method of filing, each group member of a large corporation reports its income and expenses to the parent corporation who, in turn, files one joint federal tax return combining the income and expenses of all its group members to determine its net federal taxable income. This combined filing method allows the gains or losses of the group members to be offset by those of other members.

For Pennsylvania corporate tax purposes, Newbolds filed separate company corporate tax returns as set forth in Sections 401–404 of the Pennsylvania Tax Reform Code of 1971 (Pennsylvania Tax Code).[3] Section 404 of the Pennsylvania Tax Code prohibits the filing of consolidated reports and requires the filing of a separate state income tax return for each corporation, even though it may be affiliated with another company(s) as a parent or a subsidiary.[4] Unlike the federal consolidated tax return, under Pennsylvania's separate company filing return, each corporate taxpayer stands alone and cannot include the income or losses of another corporation in its state corporate income tax return.

The dispute that is at the center of this case began when Provident decided to sell most of Newbolds to Hopper Soliday & Co., Inc. (Hopper), but retain a subsidiary of Newbolds called Newbolds Asset Manage-

---

1. Newbolds and the Commonwealth have filed stipulation of facts that we accept and adopt as our own.

2. Pursuant to 26 U.S.C. § 1502 and the regulations promulgated thereunder, an affiliated group may elect to file a consolidated return but it also may elect to be excluded from the consolidated return of its parent corporation. *See* 26 C.F.R. § 1.1502–76.

3. Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 7401–7404.

4. Section 404 of the Pennsylvania Tax Code, 72 P.S. § 7404, provides:

 **§ 7404. Consolidated reports**
 The department shall not permit any corporation owning or controlling, directly or indirectly, any of the voting capital stock of another corporation or of other corporations, subject to the provisions of this article, to make a consolidated report, showing the combined net income.

ment, Inc. (Asset Management). To facilitate the retention of Asset Management, Provident had Newbolds transfer Asset Management's assets and liabilities to a newly formed wholly-owned subsidiary of Newbolds' called Newco. On January 6, 1989, Newbolds transferred all of the stock in Newco to Provident. Although Newbolds did not receive any cash or other consideration in exchange for the transfer, it incurred a gain of $16,414,000.00 for federal income tax purposes because the transaction was considered a distribution of appreciated property from a subsidiary to a parent corporation.[5] Also on January 6, 1989, the very same day of the Newco transfer, Provident sold what remained of Newbolds to Hopper.

When Provident filed its consolidated federal income tax return for tax year 1989, it included Newbolds' income and expenses from January 1, 1989 through January 6, 1989 in its consolidated federal return, including as income the $16,414,000.00 gain from the transfer of Newco.[6] Because of Provident's filing of the consolidated tax return for January 1 through January 6, 1989, Newbolds, in effect, filed two federal tax returns for 1989—one tax return when Newbolds' income was included in Provident's consolidated tax return for that portion of the 1989 tax year between January 1 and January 6 and the other when Newbolds filed its own return for the period from January 7, 1989 through December 31, 1989. It was required to file the return for that later period because 26 U.S.C. § 381(b)(1) [7] provides that a corporation's tax year begins on the day it was sold or transferred, and it also had to account for its income and expenses after January 6, 1989 that were not reported on Provident's federal consolidated return.[8]

Newbolds also filed two Pennsylvania corporate income tax returns for 1989. Coinciding with the returns filed at the federal level, one return covered the period of January 1, 1989 through January 6, 1989 and the other return covered the period from January 7, 1989 through December 31, 1989. On the first Pennsylvania tax return, Newbolds reported the gain of $16,414,000.00 from the transfer of Newco to Provident, but deducted the gain claiming that the gain was deferred as an inter-company gain which was taken into account for federal consolidated return purposes when Newbolds ceased to be a member of Provident. However, because Pennsylvania did not permit the filing of consolidated returns, Newbolds claimed it was not reportable to Pennsylvania.

On March 19, 1992, the Department of Revenue settled both of Newbolds' Pennsylvania corporate income tax returns for 1989 by disallowing the deduction that Newbolds had taken with respect to the inter-company gain from the transfer. Because Newbolds could not reduce the gain from the distribution of stock, it resulted in an assessment of corporate net income tax of $1,074,-280.00. Newbolds filed a petition with the Board of Appeals of the Department of Revenue again seeking a deduction for the inter-company gain on the distribution of stock of a subsidiary company to its parent, which was denied. Newbolds then appealed to the Board, but no longer claiming that it should be permitted to immediately deduct the gain on the first return. Instead, it sought to consolidate its original filing of two state returns into one so it could then offset the gain with its net operating losses for the entire year.[9] It contended that although it had filed two state income tax returns, because the multiple filing was caused solely by

5. The transfer of this appreciated property to a parent corporation was taxable under 26 U.S.C. § 311(b) of the Internal Revenue Code.

6. According to 26 U.S.C. § 331(b), the gain of appreciated property to the parent corporation is realized, *inter alia*, on the breaking of consolidation with a distributing member which, in this case, occurred with the sale of Newbolds on January 6, 1989.

7. 26 U.S.C. § 381(b)(1) provides that the taxable. year of a corporation transferring its stock or

assets in reorganization to another corporation shall end on the date of transfer.

8. Neither Provident nor Newbolds were required to file a federal short-term period tax return for the period through the date of the sale of Newbolds' stock on January 6, 1989.

9. Specifically, Newbolds argued that it was entitled to a net operating loss carryover from the year ending December 31, 1988 of Newbolds and from December 31, 1987 for Hopper.

its leaving a consolidated group at the federal level and Pennsylvania did not recognize consolidated filings, it should be permitted to file only one annual return at the state level as it had for many years.[10] Rejecting Newbolds' argument, the Board refused the petition, finding that because Newbolds had two federal taxable years pursuant to 26 U.S.C. § 381(b)(1), it correspondingly had two Pennsylvania taxable years. This appeal followed.[11]

Even though it had two federal taxable years and filed two state income tax returns, Newbolds, nonetheless, again contends that it is entitled to file a single Pennsylvania tax return for the tax year 1989 and correspondingly aggregate the income and expenses across the entire year so it has no outstanding Pennsylvania corporate tax liability. It argues that its Pennsylvania tax liability should not be based on when it was required to file a tax return under the Internal Revenue Code because that Code embodies a tax scheme that allows consolidated corporate returns while the Pennsylvania Tax Code requires corporate taxpayers to file separate tax returns for each tax year whether or not they are affiliated with another corporation. Even though it had two federal tax years because of the consolidated return filed by its former parent, Newbolds argues that to interpret the Pennsylvania Tax Code to require it to file two Pennsylvania tax returns for the tax year 1989 just because it filed those federal consolidated returns would be at odds with Pennsylvania's prohibition on filing consolidated corporate returns.[12] However, what that argument confuses is that "how" a taxpayer is required to calculate its corporate taxes is not the same nor intertwined with "when" a taxpayer has to report and settle its taxes.

 The filing period for all Pennsylvania corporations is dictated by the requirements of Sections 401–404 of the Pennsylvania Tax Code. Generally, the imposition of taxes for every corporation is based upon that corporation's "taxable income" for a "taxable year."[13] The definition of a corporation's "taxable income" is found in Section 401 of the Pennsylvania Tax Code, 72 P.S. § 7401, which provides the following in pertinent part:

§ 7401. Definitions

(3) "Taxable Income." 1. (a) In case the entire business of the corporation is transacted within this Commonwealth, for any taxable year which begins on or after January 1, 1971, taxable income for the calendar year or fiscal year as returned to and ascertained by the federal government, *or in the case of a corporation participating in the filing of consolidated returns to the Federal Government, the taxable income which would have been returned to and ascertained by the Federal Government if separate returns had been made to the Federal Government for the current and prior taxable years* ... (Emphasis added).

Under this provision, the taxable income of corporations filing consolidated returns clearly depends on the "taxable year" which would have been returned to and ascertained by the

---

10. Newbolds also argued before the Board that its 1989 corporate net income must be resettled to exclude interest income from investments in Pennsylvania and United States obligations, but that issue was not raised for our appellate review.

11. *Our scope of review of a Board of Finance and Revenue determination is de novo. Kelleher v. Commonwealth of Pennsylvania,* 704 A.2d 729 (Pa.Cmwlth.1997).

12. Newbolds also contends that there are only a few exceptions to the statutory requirement of annual reporting as listed in Pennsylvania regulations found at 61 Pa.Code §§ 151.1 and 152. However, contrary to Newbolds' assertions, these are not exceptions to annual reporting requirements but are instructions for filing by Pennsyl-

vania corporations which are intact but not transacting business in the state as well as those seeking a Corporate Clearance Certificate.

13. Section 402 of the Pennsylvania Tax Code, 72 P.S. § 7402, provides in pertinent part:

§ 7402. Imposition of Tax

Every corporation shall be subject to, and shall pay ... a State excise tax ... upon each dollar of taxable income of such corporation received by ... such corporation during the calendar year ... except where a corporation reports to the Federal Government on the basis of a fiscal year ... in which case, such tax ... shall be levied ... upon each dollar of *taxable income* of such corporation received by ... such corporation during the fiscal year ... (Emphasis added).

federal government and not the annual year as Newbolds contends. The definition of "taxable year" is also found in Section 401 of the Pennsylvania Tax Code, 72 P.S. § 7401, which provides the following in pertinent part:

> § 7401. Definitions
>
> (5) "Taxable Year." The year which the corporation, or any consolidated group with which the corporation participates in the *filing of consolidated returns, actually uses in reporting taxable income to the Federal Government.* With regard to the tax imposed by Article IV of this act (relating to the Corporate Net Income Tax), [ ] the terms "annual year," "fiscal year," "annual or fiscal year," "tax year" and "tax period" shall be the same as the corporation's taxable year, as defined in this paragraph. (Emphasis added).

Construing these two definitions together, the filing period for Pennsylvania corporate tax purposes of a corporation filing a consolidated federal tax return is determined by when the filing of the consolidated returns is to occur in reporting taxable income to the federal government. In effect, the Pennsylvania tax year for a corporation that has filed consolidated federal returns is determined by the number of its federal taxable years. Although this section of the Pennsylvania Tax Code uses terms such as "annual year" or "fiscal year," it distinctly states that such periods of time must coincide with the corporation's federal taxable year.

In the present case, Newbolds was a member of a consolidated group and participated in the filing of a federal consolidated tax return to the federal government from January 1, 1989 through January 6, 1989. Because it did not file its own company federal return for this period of time, according to the clear language of Sections 403 and 404 of the Pennsylvania Tax Code, it was required to file a separate state income return that provided the information that would have been contained had one been filed, which it did when it filed its first state return. However, on January 7, 1989, Newbolds was no longer a member of the consolidated group and, as such, was required to file a separate federal income tax return from that date to the end of the year pursuant to both 26 U.S.C. § 1501 and 26 U.S.C. § 311(b), causing it to have a second taxable year for federal income tax purposes. Because Newbolds had two federal taxable years in 1989, under Section 401 of the Pennsylvania Tax Code, Newbolds had two Pennsylvania taxable years and, consequently, was required to file, as it did, two Pennsylvania corporate tax returns for each of those "years." [14]

Even if it was not allowed to file a single return for tax year 1989, Newbolds contends that the requirement that it file two tax returns for 1989 violates the Uniformity Clause of the Pennsylvania Constitution [15]

**14.** In *Astrotech, Inc. v. Commissioner of Taxation,* 309 Minn. 225, 244 N.W.2d 126 (1976), the Minnesota Supreme Court similarly addressed whether a state could find a corporation had two state "taxable years" based on a consolidated federal filing but in the context of a corporation being brought mid-year into a consolidated group. In that case, Astrotech, a Minnesota corporation, had filed federal and state income tax returns based upon an annual accounting period for many years when, on March 20, 1969, it was purchased by another company which elected to file a consolidated tax return for that year and included Astrotech's income and expenses from March 20, 1969 through December 31, 1969 in its federal consolidated tax return. As a result, Astrotech filed a separate federal income tax return for the period of January 1, 1969 through March 19, 1969 for the period of time when it was not yet owned by the parent company. Although it had filed two federal returns, Astrotech filed only one state income tax return contending

that state law allowed it to report state income tax for the same accounting period that it would be required to report federal income if its parent company had not elected to file a consolidated return. The Minnesota Supreme Court found that requiring a taxpayer to file two returns was supported by the definition of "taxable year" based, just as in this case, on when a corporation was required to make a federal filing. It held that the legislature intended the state accounting periods used by the taxpayer to be the same as the federal, and that having gained tax advantages by electing to file a consolidated federal tax return, it was inappropriate for a taxpayer to now complain that the election also resulted in some tax disadvantages.

**15.** The Uniformity Clause of the Pennsylvania Constitution provides that, "[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under the

because it treats the class of corporations belonging to federal consolidated groups differently for state tax purposes than those that file separate federal company returns. Newbolds argues that if Provident had not filed federal consolidated tax returns but federal separate company returns, it would have been only required to file a single return for tax year 1989 and its taxes would have been settled at zero.

For this argument to be successful, Newbolds would have to prove that there was no rational basis for Congress to give taxpayers a choice to elect to file a consolidated return or a separate company return because that is what creates the different class. However, Newbolds is not challenging that classification, but instead, is really complaining that a taxpayer who makes that choice should not be subject to adverse but only beneficial tax treatment, and when it results in a tax liability, uniformity is violated. While an imaginative theory, having chosen to be a member of that class by its election to file a consolidated return with its parent company and not a separate return, Newbolds cannot now claim that the class it chose to be a member of somehow violates uniformity just because that method now has some adverse tax consequences compared to the other method. All that the Uniformity Clause requires is that all individual classes of taxpayers are treated the same and, in this case, all taxpayers are treated the same as those who chose to file their federal corporate tax returns in the same manner. Because all taxpayers similarly situated who chose the consolidated tax return method are treated the same, uniformity was not violated just because Newbolds choice of filing two returns had negative tax consequences when others who chose to file separate company federal tax returns did not.

Because the clear language of the Pennsylvania Tax Code requires a corporation to file a Pennsylvania tax return based on its tax-

able year at the federal level and uniformity was in no way violated, Newbolds had two taxable years for Pennsylvania tax purposes in 1989 and was required to filed two Pennsylvania tax returns and the Board did not err in resettling its taxes on that basis.

Judge FRIEDMAN dissents.

### *O R D E R*

AND NOW, this 25 th day of March, 1999, the order of the Pennsylvania Board of Finance and Revenue dated January 25, 1994, is affirmed. Unless exceptions are filed within 30 days of this Order in accordance with the provisions of Pa. R.A.P. 1571(i), this order shall become final.

---

general laws." Pa. Const. art. VIII, § 1. Whether a scheme of taxation is uniform is determined by whether there is a reasonable distinction and difference between the classes of taxpayers sufficient to justify different tax treatment. *Airpark Intl. v. Interboro School District,* 677 A.2d 388, 393 (Pa.Cmwlth.1996), *petition for allowance of*

*appeal granted in part,* 548 Pa. 63, 694 A.2d 618 (1997). In the matter of taxation, the legislature possesses wide discretion and the burden is on the taxpayer to demonstrate that a classification made for the purposes of taxation has no reasonable basis. *Leonard v. Thornburgh,* 507 Pa. 317, 489 A.2d 1349 (1985).