**Dennis J. KELLEHER, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 6, 1997.

Decided Dec. 23, 1997.

Stuart C. Gaul, Jr., Pittsburgh, for petitioner.

Christopher M. Kazmaier, Harrisburg, for respondent.

Before COLINS, President Judge, PELLEGRINI, J. (P.), and RODGERS, Senior Judge.

COLINS, President Judge.

Dennis J. Kelleher has filed a petition for review of the adjudication of the Board of Finance and Revenue (Board) affirming the decision of the Department of Revenue

---

Board of Appeals sustaining a realty transfer tax assessment against Kelleher in the amount of $8,528.50, plus interest. The tax was assessed pursuant to Section 1102–C of Article XI–C of the Tax Reform Code of 1971 (Realty Transfer Act or Act)[1] as a result of the recording of a deed in 1991. The issue presented questions whether the industrial use exemption set forth in Section 1102–C.3(15) of the Realty Transfer Act, 72 P.S. § 8102–C.3(15) is applicable to a grantee that subleases the premises to a corporation in which the grantee is a stockholder. We affirm the order of the Board for the reasons set forth below.

The parties agree[2] that petitioner had a general partnership interest in Preble Island Land Company (Preble). Pursuant to a lease purchase agreement the Allegheny County Industrial Development Authority (ACIDA) leased to Preble property located at 2295 Preble Avenue, Pittsburgh, Pennsylvania (hereinafter "the property"). In turn, Preble subleased the property to Cassady–Pierce Company, Inc. (Cassady–Pierce), a corporation in which Kelleher is a 90% stockholder. In 1991, Kelleher liquidated Preble. Subsequently, ACIDA sold the property to Kelleher, whereupon, Kelleher and Cassady–Pierce entered a lease wherein Kelleher agreed to lease the property to Cassady–Pierce for manufacturing, warehousing, and fabricating use.

The deed lists ACIDA as grantor and Kelleher as grantee. Kelleher paid no realty transfer tax when the deed was recorded claiming exemption under Section 1102–C.3(15) of the Realty Transfer Act, 72 P.S. § 8102–C.3(15).

On May 1, 1992, the Department of Revenue issued a notice of determination finding *inter alia:* 1) that the grantee to the transaction was Kelleher; and 2) that Kelleher was not directly using the property for a qualified purpose as required by the Act. Maintaining that the transfer was taxable because Kelleher was not "directly" using the property for a qualified purpose within the meaning of Section 1102–C.3(15) of the Act, 72 P.S. § 8102–C.3(15), the Department of Revenue imposed on Kelleher, a realty transfer tax in the amount of $8,528.50 plus interest. Kelleher's petition for redetermination filed with the Board was denied, based on the Board's determination that Kelleher's use of the property was not "direct." On March 22, 1993, Kelleher paid the transfer tax plus interest for a total amount of $9,449.13. On April 23, 1993, Kelleher filed a petition for refund with the Board that was denied by order dated March 1, 1994.

On appeal to this Court, Kelleher contends that the transfer of property from ACIDA to Kelleher met the requirements set forth in the industrial use exemption to the Realty Transfer Act. Kelleher posits that the property is used for an exempt purpose by a company in which he has an ownership interest; therefore, the property was occupied in a manner that satisfies the requirement that the property be used for the statutorily mandated purpose "directly" by the grantee. Section 8102–C.3(15) of the Act provides:

> The tax imposed by section 1102–C shall not be imposed upon:
>
> (13) A transfer from a nonprofit industrial development agency or authority to a grantee purchasing directly from it, but only if:
>
> (i) the grantee shall directly use such real estate for the primary purpose of manufacturing, fabricating, compounding, processing, publishing, research and development, transportation, energy conversion, energy production, pollution control, warehousing or agriculture;....

72 P.S. § 8102–C.3(15).

The Commonwealth maintains that Kelleher's argument contravenes the separate en-

---

**1.** Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 8102–C, provides in pertinent part:

Every person who makes, executes, delivers, accepts or presents for recording any document or in whose behalf any document is made, executed, delivered, accepted or presented for recording, shall be subject to pay for and in respect to the transaction or any part thereof, or for or in respect of the vellum parchment or paper upon which such document is written or printed, a State tax at the rate of one per cent of the value of the real estate represented by such document,....

**2.** The parties have stipulated to the relevant facts.

tity doctrine set forth at Section 1102–C.4 of the Act, 72 P.S. § 8102–C.4 in that the grantee (Kelleher) and lessee (Cassady–Pierce) are separate and distinct entities. Thus, asserts the Commonwealth, Kelleher's leasing of the premises to a separate entity precludes the application of the exemption provisions of the Real Estate Transfer Act, irrespective of Kelleher's ownership interest in the lessee because the grantee (Kelleher) is not "directly" using the property for a qualified purpose.

■■■ This Court reviews *de novo* the determinations of the Board of Finance and Revenue. Stipulations of fact are binding upon both the parties and the Court. *PICPA Foundation for Education and Research v. Commonwealth*, 143 Pa.Cmwlth. 291, 598 A.2d 1078, 1079 n. 2, affirmed, 535 Pa. 67, 634 A.2d 187 (1993). However, this Court may draw its own legal conclusions. *Norris v. Commonwealth*, 155 Pa.Cmwlth. 423, 625 A.2d 179 (1993); Pa. R.A.P. 1571.

Section 1102–C.4 of the Realty Transfer Act states:

> Except as otherwise provided in section 1102–C.3, documents which make, confirm or evidence any transfer or devise of title to real estate between associations or corporations and the members, partners, shareholders or stockholders thereof are fully taxable. For the purposes of this article, corporations and associations are entities separate from their members, partners, stockholders or shareholders.

72 P.S. § 8102–C.4. The industrial use exclusion provides no tax may be imposed upon

> [a] transfer from a nonprofit industrial development agency or authority to a grantee purchasing *directly* from it, but only if:
> (i) the grantee shall directly use such real estate for the primary purpose of manufacturing, fabricating, compounding, processing, publishing, research and development, transportation, energy conversion, energy production, pollution control, warehousing or agriculture[.]

Section 1102–C.3(15) of the Act, 72 P.S. § 8102–C.3(15) (emphasis supplied).

■■■ A corporation is an independent legal entity, even where one person owns stock. *Lumax Industries, Inc. v. Aultman*, 543 Pa. 38, 669 A.2d 893 (1995). Furthermore,

> [o]ne cannot choose to accept the benefits incident to a corporate enterprise and at the same time brush aside the corporate form when it works to (the shareholders') detriment. The advantages and disadvantages of the corporate structure should be seriously evaluated at the time such organization is contemplated and after incorporation has been selected, the shareholders cannot be heard to argue that the courts should not treat them as a corporation for some purposes and as such a corporation for other purposes, whichever suits their present economic interest.

*Sams v. Redevelopment Authority*, 431 Pa. 240, 244–45, 244 A.2d 779, 781 (1968). Kelleher's contention that the corporate entity Cassady–Pierce and Kelleher himself should be considered as one entity is contrary to the Real Estate Transfer Act and case law. Hence, we conclude the Board was correct in determining that the industrial use exemption was inapplicable to the Kelleher's transaction pursuant to the separate entity requirement of the Real Estate Transfer Act. 72 P.S. § 8102–C.3(15); Section 1102–C.4 of the Act, P.S. § 8102–C.4; *Sams*.

Accordingly, we sustain the decision of the Board of Finance and Revenue and, enter judgment in favor of the Department and against Dennis J. Kelleher.

### ORDER

AND NOW, this 23rd day of December, 1997, the order of the Board of Finance and Revenue dated March 1, 1994, denying the petition for refund filed by Dennis J. Kelleher, is hereby sustained. The Chief Clerk is directed to enter judgment in favor of the Commonwealth and against Dennis J. Kelleher unless exceptions are filed in conformity with Pa. R.A.P. 1571(i).

McGINLEY, J., did not participate in the decision in this case.