Louis DeGIORGIS, Trustee of the Gino's Home Repair Plan and Trust Dated July 17, 2001,

v.

3G'S CONTRACTING, INC., Joseph Falcone, and Diane Wertman.

Appeal of Joseph Ariale, The Claimant in the Sheriff's Interpleader Action.

Louis DeGiorgis, Trustee of the Gino's Home Repair Plan and Trust Dated July 17, 2001,

v.

3G'S Contracting, Inc., Joseph Falcone, and Diane Wertman.

Appeal of Joseph Ariale, The Claimant in the Sheriff's Interpleader Action.

Superior Court of Pennsylvania.

Submitted Dec. 17, 2012.

Filed Feb. 1, 2013.

Reargument Denied April 12, 2013.

G.F. Blake, Scranton, for appellant.

John H. Klemeyer, Milford, for DeGiorgis, appellee.

Joseph R. Rydzewski, Hawley, for Phraner, appellee.

BEFORE: OLSON, WECHT and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

Appellant attempts to appeal several orders and a judgment, all of which were entered in connection to a sheriff's interpleader. We affirm.

The trial court summarized the background underlying this matter in the manner that follows.

This Appeal stems from an Interpleader's Objection to a Sheriff's determination in a mortgage foreclosure action. On December 2, 2009, Plaintiff [Louis DeGiorgis, Trustee of the Gino's Home Repair Plan and Trust dated July 17, 2001 ("Appellee") ] filed a Complaint which alleged that Defendants Joseph Falcone [ ("Falcone") ] and Diane Wertman [ (collectively referred to as "Defendants") ] executed a note to secure a loan of $275,000 by a first note and $60,000 by a second note, in the same instrument dated July 31, 2006 and Defendants signed and delivered a mortgage on real property as security for that obligation. [Appellee] alleged that Defendants failed to comply with the terms of the note by failing to make payments, thus causing a default and $310,175 was due and owing.

[Appellee] filed a Praecipe for Default Judgment on February 3, 2010 and a Praecipe for Writ of Execution on February 9, 2010. On September 23, 2010, [Appellee] filed a Petition for Deficiency Judgment, alleging that Defendants are in default under the terms of the note and thus, $422,475.77 is due and owing. [Appellee's] Petition was denied by Order of [c]ourt on September 29, 2010 for failure to file a certificate of service, as required by Pa.R.C.P. 208.1. [Appellee] refiled the Petition in conformance with the applicable Pennsylvania Rules of Civil Procedure and [the trial court] issued a Rule returnable on September 30, 2010. The Rule, having been properly served on Defendants and no response having been filed, was made absolute on January 3, 2011.

On April 4, 2011, [Appellee] filed a Praecipe for Writ of Execution (Money Judgment) in the amount of $242,475.77, directing the Sheriff to execute against [ ] Falcone and Jane E. Phraner, as Garnishee, on [ ] Falcone's interest in a mortgage filed at Book 2321 Page 2660 to satisfy the amount due in this action. [Appellee] filed a Praecipe to Reissue the Writ of Execution against [ ] Falcone and asked the Prothonotary to direct the Sheriff to levy upon [ ] Falcone's one-half interest in a note and mortgage from Jane E. Phraner. In that mortgage, the lender is [ ] Falcone and Appellant Joseph Ariale [ ("Appellant") ]. The Prothonotary signed the Writ of Execution on October 18, 2011.

Following an interpleader hearing on November 22, 2011, the Pike County Sheriff filed a Sheriff's Determination Against Property Claimant in which the Sheriff determined that Appellant [ ] is not the owner of the property at issue. Sheriff Bueki's determination was based on the temporal relationship between the Writ of Execution and the assignment [of Falcone's interest in the claimed property to Appellant], specifically that the assignment of [Falcone's] one-half mortgage interest [to Appellant] took place after the Writ of Execution had been served. Appellant filed an Objection to Sheriff's Determination on December 16, 2011. After several continuances, a hearing was held before [the trial court] on April 3, 2012. There-

* Retired Senior Judge assigned to the Superior Court.

after, [Appellee] filed a legal memo and Appellant filed a post-hearing brief. On June 1, 2012, [the trial court] affirmed the Sheriff's Determination Against Property Claimant. On June 8, 2012, Appellant filed a Motion For Post–Trial Relief, which was denied by Order dated June 14, 2012.

Appellant filed a Praecipe to Enter Judgment against himself, which was entered by the Prothonotary on June 26, 2012. Appellant filed a Notice of Appeal on June 8, 2012 challenging [the trial court's] June 1, 2012 Order. Appellant also filed a Notice of Appeal on June 29, 2012 challenging both the June 14 [Order] and June 26 [Judgment]....

Trial Court Opinion, 08/07/12, at 1–3.

In his brief to this Court, Appellant asks us to consider the following questions:

1. Whether a promissory note and mortgage are owned in equal shares by the alleged co-owners where one of the owners provides nearly all of the funding, receives acceptable and agreed-upon monthly payments from the obligors, and no trial evidence contradicted the owner's sworn testimony concerning his ownership interest?

2. Whether a lower court must allow evidence of the details concerning the transaction by which a promissory note and mortgage are acquired by the remaining co-owner after that owner purchased an assignment from the other co-owner several months prior to the sheriff's determination in a sheriff's interpleader action and no trial evidence challenged the validity of the assignment?

3. Whether a sheriff and lower court must strictly comply with Pennsylvania Rules of Civil Procedure governing sheriff's interpleader actions, Pa.R.Civ.P. 3201–3216?

Appellant's Brief at 3. We need not address these issues because Appellant's attempt to obtain relief *via* a sheriff's interpleader was improper.

We initially point out that a review of the transcript of the April 3rd hearing makes clear that the parties and the court were unsure how to proceed in this matter. Throughout the proceeding, the court stated its uncertainty as to whether to review the sheriff's determination or to consider the matter *de novo*. In fact, at the beginning of the proceeding, Appellant's counsel specifically stated his uncertainty as to the procedural process to be employed in this case. Appellant also filed a notice of appeal, wherein he appealed the court's June 1st order, the same day that he filed a motion for post-trial relief. After the court denied Appellant's motion, he appealed again, this time from the order denying his post-trial motion and from the entry of judgment. This uncertainty has spilled over into Appellant's brief to this Court, wherein Appellant violated Pa. R.A.P. 2111(a)(3) by failing to include a statement of the scope and standard of review this Court should utilize in considering this appeal.

We gleaned what follows from the certified record and the parties' briefs. Appellee has a judgment against Falcone. Falcone owns, or perhaps owned, an interest in a mortgage and a note, and Appellant, at least at some point in time, co-owned the mortgage and note. Mrs. Phraner is the mortgagor/lendee.

In an attempt to collect the judgment it holds against Falcone, Appellee filed a writ of execution, and later reissued the writ of execution, naming Mrs. Phraner as the garnishee and seeking to levy "upon [Falcone's] ½ interest in a Note and Mortgage from Jane E. Phraner." Praecipe to Reissue Writ of Execution, 10/18/11; *see also* Appellant's Brief at 4 ("On April 4, 2011,

[Appellee] filed a Praecipe For Writ Of Execution (Money Judgment) and sought to execute on [ ] Falcone's alleged one-half interest in a certain promissory note and mortgage in which Jane E. Phraner was the obligor."). Appellant claims that Falcone does not own an interest in the mortgage or note; rather, Appellant is the sole owner of these items. *See, e.g.,* Appellant's Brief at 11 ("The lower court erred by failing to give effect to the assignment and by failing to find that [Appellant] is the sole owner of the promissory note and mortgage."). Appellant asserted his claim through the sheriff's interpleader procedure set forth at Pa.R.C.P. 3201–16. For the reasons that follow, we conclude that Appellant improperly utilized the sheriff's interpleader procedure in asserting his claims.

We are to interpret the Rules of Civil Procedure, in part, as follows:

(a) The object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court.

(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

Pa.R.C.P. 127(a) and (b).

■ At issue here are the Rules of Civil Procedure 3201–16. Rule 3201 defines the scope of these rules and states,

These rules govern the procedure in sheriff's interpleader when **tangible personal property** levied upon pursuant to a writ of execution is claimed to be the property of a person other than the defendant in the execution.

Pa.R.C.P. 3201. Thus, the Supreme Court clearly and unambiguously intended Rules 3201–16 to govern the procedure in a sher-

iff's interpleader where a writ of execution levies upon the "tangible personal property" of a defendant and after a third person claims the "tangible personal property" is not the property of the defendant.

We were unable to locate a definition of "tangible personal property" in the Rules of Civil Procedure. We, therefore, must employ the following principles in attempting to construe the phrase "tangible personal property."

Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or as are expressly defined by rule shall be construed according to such peculiar and appropriate or express meaning or definition.

Pa.R.C.P. 103(a).

Black's Law Dictionary defines "tangible personal property" as:

**Corporeal personal property** of any kind; personal property that can be seen, weighed, measured, felt, or touched, or is in any other way perceptible to the senses, such as furniture, cooking utensils, and books.

Black's Law Dictionary 1254 (8th ed.2004) (emphasis added). Black's Law Dictionary defines "corporeal property" as follows:

1. The right of ownership in material things.

2. Property that can be perceived, as opposed to **incorporeal property;** tangible property.

*Id.* at 1253 (emphasis added). In contrast, the dictionary defines "incorporeal property," in part, as follows:

An in rem proprietary right that is not classified as corporeal property. Incorporeal property is traditionally broken down into two classes: *jura in re aliena*

(encumbrances), whether over material or immaterial things, examples being leases, **mortgages,** and servituteds....

*Id.* (emphasis added).

In total, these definitions inform us that an interest in a mortgage and note is not "tangible personal property." *See also In re Macfarlane's Estate,* 313 Pa.Super. 397, 459 A.2d 1289, 1291 (1983) ("In distinguishing tangible property from intangible property, it has been stated that ... [t]angible property is that which may be felt or touched; property capable of being possessed or realized; ... that which is visible and corporeal; having substance and body as contrasted with incorporeal rights such as franchises, choses in action, copyrights, the circulation of a newspaper, annuities and the like.... Intangible property is property which has no intrinsic or marketable value, but is merely the representative or evidence of value, such as certificates of stock, bonds, **promissory notes,** and franchises.") (emphasis added and citations omitted). Thus, the relief Appellant sought in the trial court was outside the scope of the sheriff interpleader procedure outlined in Rules 3201–16. Consequently, we can provide no relief to Appellant on appeal. We, therefore, affirm the orders and judgment.

Orders and Judgment affirmed.

OLSON, J. Concurs in the Result.