John G. Myers, : 
            Petitioner : 
  : 
      v. : 
  : 
Commonwealth of Pennsylvania, : No. 274 F.R. 2016
           Respondent : Submitted: June 9, 2021

BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE J. ANDREW CROMPTON, Judge

OPINION
BY JUDGE FIZZANO CANNON         FILED: August 6, 2021

Before this Court *en banc* are exceptions filed by Respondent, the Commonwealth of Pennsylvania, and Intervenor, BJ's Wholesale Club, Inc. (BJ's) to this Court's panel decision, which reversed a decision of the Board of Finance and Revenue (Board) and concluded that Petitioner, John G. Myers (Taxpayer), was entitled to a partial refund of sales tax he paid for items he purchased at BJ's.[1] Upon review, we overrule the exceptions and reaffirm the panel's decision.

---

[1] The Commonwealth and BJ's file their exceptions pursuant to Pennsylvania Rule of Appellate Procedure 1571(i), which states:

## I. Background

The facts, as stipulated by the parties, are set forth in full in the panel's opinion. *See generally Myers v. Commonwealth of Pa.* (Pa. Cmwlth., Nos. 274 & 275 F.R. 2016, filed May 11, 2020) (*Myers I*). We state them here only as necessary to our review.

Taxpayer sought a partial refund from the Department of Revenue (Department), Board of Appeals (BOA) of sales tax he paid on items he purchased on three occasions at BJ's in Downingtown, Pennsylvania. Stipulations of Fact (Stip.) ¶ 5, Exs. P & Q. In each of the first two instances at issue in this appeal, his purchase receipt reflected that he bought a single item designated as taxable[2] and that he received a discount from the purchase price by applying a coupon. Neither the item nor the nature of the discount coupon was identified on the receipt in either instance. In the third instance, Taxpayer purchased six items, all of which were taxable, and received discounts by using five coupons. Once again, the receipt did not describe either the items or the coupons but did designate all the items as taxable.

---

Any party may file exceptions to an initial determination by the court under this rule within 30 days after the entry of the order to which exception is taken. Such timely exceptions shall have the effect, for the purposes of Rule 1701(b)(3) (authority of lower court or agency after appeal) of an order expressly granting reconsideration of the determination previously entered by the court. Issues not raised on exceptions are waived and cannot be raised on appeal.

Pa. R.A.P. 1571(i).

[2] In its brief, BJ's does not dispute that the "T" and "N" designations on the receipts designate taxable and nontaxable items, respectively, but argues that these designations were insufficient to link the coupons to specific items purchased, as opposed to other kinds of discounts such as total purchase discounts. Br. of Intervenor at 16-17. As discussed *infra* at 8-9, we reject the argument that such differentiations in coupon types affect entitlement to reductions in sales tax.

The BOA concluded Taxpayer was not entitled to a refund of the sales tax paid on the discounts he received, because he failed to sustain his burden of proving that his receipts described both the items purchased and the coupons applied, as required by the applicable Department regulation, 61 Pa. Code § 33.2(b)(2). The Board subsequently denied Taxpayer's petition for review of the BOA's decision. *See* Board Decision and Orders dated 3/30/16 at 4; Stip. Exs. N & O.

Taxpayer then petitioned for review in this Court.[3] In a panel decision, this Court concluded Taxpayer was entitled to the requested sales tax refunds on the purchases shown on the three receipts at issue. *Myers I*, slip op. at 27. The panel reasoned that the items were sufficiently described to sustain Taxpayer's burden of showing a new purchase price was established for purposes of the regulation. *Id.*, slip op. at 21-27. The receipts indicated that the items were taxable, the application of coupons resulted in reduction of the purchase prices, and Taxpayer was charged sales tax on the undiscounted prices. *Id.*, slip op. at 22-24. Because Taxpayer bought only one item in two instances, both the sales tax and the discount coupon shown on each of those two receipts could only have related to that item. *Id.*, slip op. at 23. Therefore, the panel concluded that no further description was needed on either receipt to demonstrate Taxpayer's entitlement to the sales tax refund he sought. *Id.* Similarly, because the third receipt showed that all six purchased items were taxable, the panel concluded that the coupon discounts must have related to taxable items.

---

[3] The panel's decision in these consolidated cases also related to a sales tax refund request by a second taxpayer, Cecelia A. Reihl (Reihl). Unlike Taxpayer's receipts, Reihl's purchase receipt from BJ's showed purchases of both taxable and nontaxable items, and it was not possible to determine which of the items were discounted through the use of coupons. *Myers v. Commonwealth of Pa.* (Pa. Cmwlth., Nos. 274 & 275 F.R. 2016, filed May 11, 2020) (*Myers I*), slip op. at 24-25. Accordingly, the panel concluded Reihl had failed to sustain her burden of proving entitlement to a sales tax refund. *Id.*, slip op. at 25. No exceptions were filed to that determination.

*Id.*, slip op. at 24. Again, no further description on the receipt was necessary to demonstrate Taxpayer's entitlement to a sales tax refund. *Id.*

The Commonwealth filed exceptions from the panel decision to this Court *en banc*, as did BJ's, which was granted intervenor status.

## II. Issues for Argument

The overarching issue raised in the exceptions is whether Taxpayer's evidence is sufficient, as a matter of law, to comply with 61 Pa. Code § 33.2. The Commonwealth and BJ's contend the panel erred in allowing Taxpayer's requested refunds. They assert that Taxpayer's receipts failed to demonstrate that the coupon discounts were among the categories authorized by the regulation. They also argue Taxpayer failed to link the coupon discounts to specific items, as opposed to transactions. Therefore, they insist Taxpayer failed to show that applying his coupons established new purchase prices entitling him to refunds of excessive sales tax.[4]

## III. Applicable Tax Regulation[5] – 61 Pa. Code § 33.2

In relevant part, 61 Pa. Code § 33.2(b) excludes "from the taxable portion of purchase price, *if separately stated and identified*":

---

[4] We note that this case arose in conjunction with a separate class action against BJ's in the Philadelphia Court of Common Pleas that has been stayed during the pendency of these consolidated matters. *See Myers v. BJ's Wholesale Club, Inc.* (Phila., No. 546 August Term 2013, filed June 25, 2014) (order issuing stay).

[5] Section 201(g)(2) of the Tax Reform Code of 1971 (Tax Reform Code), Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7101-10004, provides:

(2) Discounts. Amounts representing on-the-spot cash discounts, employe discounts, volume discounts, store discounts such as "buy one, get one free," wholesaler's or trade discounts, rebates and store or manufacturer's coupons shall establish a new purchase price if *both the item and the coupon are described* on the invoice or cash register tape. An amount representing a discount allowed for prompt payment of bills which is dependent upon an event occurring after the completion of the sale may not be deducted in computing the tax. A sale is completed when there is a transfer of ownership of the property or services to the purchaser.

61 Pa. Code § 33.2(b)(2) (emphasis added).

EXAMPLES:

(i) "A" purchases two hamburgers from "R" restaurant with a "buy one, get one free" coupon. The price of one hamburger is $1. "R" rings up $2 on the cash register. "R" enters a credit in the cash register for the amount of $1 resulting in an adjusted price of $1. The

---

(2) There shall be deducted from the purchase price the value of any tangible personal property actually taken in trade or exchange in lieu of the whole or any part of the purchase price. For the purpose of this clause, the amount allowed by reason of tangible personal property actually taken in trade or exchange shall be considered the value of such property.

72 P.S. § 7201(g)(2). Before the panel, the parties disputed whether a coupon is "tangible personal property" under Section 201(g)(2). This Court concluded that a coupon conveys an intangible right and therefore is not addressed in Section 201(g) of the Tax Reform Code. *Myers I*, slip op. at 18-19 (citing *DeGiorgis v. 3G's Contracting, Inc.*, 62 A.3d 1024, 1027 (Pa. Super. 2013); *In re Macfarlane's Est.*, 459 A.2d 1289, 1291 (Pa. Super. 1983)). Moreover, the panel concluded that Section 201(g) of the Tax Reform Code relates to discounts arising after consummation of a sale, while the regulation applies to discounts arising before consummation of a sale. *Myers I*, slip op. at 13. Accordingly, the panel rejected Taxpayer's contention that the Department's regulation at 61 Pa. Code § 33.2 was inconsistent with the Tax Reform Code. *Myers I*, slip op. at 13. No issue regarding the nature of a coupon as tangible or intangible is raised in the exceptions before the Court *en banc*, nor is there any assertion of invalidity regarding 61 Pa. Code § 33.2. Thus, the interplay of the statute and the regulation is not at issue here.

5

acceptance of the coupon by "R" establishes a new purchase price of $1 which is subject to 6¢ tax.

        (ii)    "A" purchases 15 grocery items from "B" grocery. All of the items are exempt from tax except a bottle of soft drink. The price of the soft drink is $1. "A" gives "B" a manufacturer's coupon having a face value of 50¢ for the soft drink. "B" totals the 15 items on the cash register including $1 for the bottle of soft drink. None of the items are described or identified on the cash register tape. "B" reduces the total sale by $1—double the amount of the coupon. The coupon is not described or identified on the register tape. Therefore, the acceptance of the coupon by "B" does not establish a new purchase price. The $1 purchase price of the soft drink is subject to 6¢ tax. The redemption of the coupon represents a refund which does not affect the purchase price of the soft drink.

        (iii)    "A" purchases a coffee pot from "C" department store. The price of the coffee pot is $30. "A" pays sales tax upon the purchase of the coffee pot in the amount of $1.80. The sale includes a $10 manufacturer's mail-in-rebate form. "A" completes the form, mails it to the manufacturer and receives a $10 check from the manufacturer. The receipt of the rebate check by "A" does not establish a new purchase price of the coffee pot. "C" properly collected sales tax in the amount of $1.80.

        (iv)  "A" purchases and accepts delivery of a load of lumber from "D" lumber company. "D" sends "A" a billing invoice which states "lumber—$1,000, sales tax—$60." The invoice also states "if invoice paid within 30 days, customer entitled to a 1% discount." "A" pays the invoice within 5 days. "A" is entitled to a discount of 1% of $1,000, but is required to pay the sales tax in the amount of $60 as a new purchase price has not been established.

*Id.*, Examples (i)-(iv).

## IV. Discussion

In their exceptions,[6] the Commonwealth and BJ's posit that not every kind of coupon discount is excludable from sales tax. The Department's regulation excludes from sales tax "[a]mounts representing on-the-spot cash discounts, employe[e] discounts, volume discounts, store discounts such as 'buy one, get one free,' wholesaler's or trade discounts, rebates and store or manufacturer's coupons . . . if both the item and the coupon are described on the invoice or cash register tape." 61 Pa. Code § 33.2. Thus, relevant here, to qualify for a sales tax exclusion, a coupon discount must be (1) an "on-the-spot" cash discount or a store discount such as "buy one, get one free," a rebate,[7] or a store or manufacturer's coupon, and (2) "described" on the receipt, along with the discounted item. *See id.* The Commonwealth and BJ's argue that some types of coupons are not included in the regulation, such as percentage reductions of entire purchases, specific dollar-amount discounts from a minimum purchase amount, discounts for shopping on a specific

---

6       In tax appeals from the Board, this Court functions as a trial court, and exceptions filed to its final order have the effect of an order granting reconsideration. *[Consol. Rail Corp.] v. Commonwealth [of Pa.]*, 679 A.2d 303, 304 (Pa. Cmwlth. 1996). This Court reviews *de novo* the determinations of the Board. *Kelleher v. Commonwealth [of Pa.]*, 704 A.2d 729, 731 (Pa. Cmwlth. 1997). "Stipulations of fact are binding upon both the parties and the Court." *Id.* "However, this Court may draw its own legal conclusions." *Id.* "Our scope of review in tax appeals is . . . limited to the construction, interpretation and application of a State tax statute to a given set of facts." *United Serv[]s. Auto[.] Ass[']n v. Commonwealth [of Pa.]*, . . . 618 A.2d 1155, 1156 (Pa. Cmwlth. 1992) (quoting *Escofil v. Commonwealth [of Pa.]*, . . . 406 A.2d 850, 852 (Pa. 1979)).

*Am. Elec. Power Serv. Corp. v. Commonwealth of Pa.*, 184 A.3d 1031, 1034 n.7 (Pa. Cmwlth. 2018).

    7 Presumably this is a reference to instant rebates, as the examples following the regulation indicate that a mail-in rebate received after the purchase transaction would not establish a new purchase price and therefore would not qualify for a sales tax refund. *See* 61 Pa. Code § 33.2, Example (iii).

day, and other discounts not limited to specific items purchased. These types of discounts, although they may be given pursuant to coupons, cannot be linked to specific discounted items. Therefore, the Commonwealth and BJ's reason that such discounts would not qualify for sales tax refunds. It follows that the regulation requires a taxpayer to present a receipt that shows both the specific items purchased and a connection between those specific items and the discount given. Of necessity, a taxpayer cannot qualify for a sales tax refund merely by presenting a receipt that shows only that a taxable item was purchased and a coupon discount was given, because there is no way to discern from such a receipt that the discount fell into one of the categories specified in the regulation.

We disagree. Percentage reductions of entire purchases, specific dollar-amount discounts from a minimum purchase amount, discounts for shopping on a specific day, and other such discounts may not be linked to specific items purchased, but they still constitute "on-the-spot" cash discounts. Therefore, they qualify for exclusion from sales tax under the plain language of the regulation. The Commonwealth and BJ's have failed to point to any type of coupon that would not be subject to a sales tax exclusion. Accordingly, we reject their argument that every receipt, without exception, must specify the item for which a discount is given in order to qualify for a sales tax exclusion.

We likewise reject the argument proffered by the Commonwealth and BJ's that a reduction does not reduce the purchase price if it is not linked to a specific item. To the contrary, every discount, by definition, reduces the purchase price, whether of a single item or a group of items. A coupon, moreover, cannot be redeemed for cash; its only use is to reduce the purchaser's cost. For example, if a retailer offers double value on manufacturers' coupons and the double coupon value

8

exceeds the price of the item, the purchaser does not get cash back for the difference; the coupon can only reduce the purchase price. As so applied, the coupon necessarily establishes a new purchase price. That the calculation of the new purchase price of any specific item may be hampered where multiple items are purchased does not defeat this principle.

Contrary to the contention of the Commonwealth and BJ's, the language of the regulation does not impose a blanket requirement that every discount must correspond to a specific item. Rather, the issue is the sufficiency of a receipt in any given case to demonstrate that the discount is one that qualifies for a sales tax exclusion. That is a case-by-case determination for each purchase for which a taxpayer seeks a sales tax refund. As the panel correctly reasoned, the only qualifier under the regulation is that the discount must be on an item that is taxable. *See Myers I*, slip op. at 21-22. Otherwise, there is no sales tax to reduce. Thus, where a taxpayer has purchased multiple items, some of which were taxable and some of which were nontaxable, the receipt may be insufficient to demonstrate entitlement to a sales tax refund if the Department cannot discern to which item(s) the coupon discount(s) applied. *See* 61 Pa. Code § 33.2, Example (ii).

Here, however, Taxpayer in each of the first two transactions at issue purchased a single taxable item and presented a discount coupon that reduced the purchase price of that item. In that situation, there can be no dispute that the coupon reduced the purchase price of the item and established a new purchase price. Taxpayer is therefore entitled to a refund on the excessive sales tax associated with the amount of the discount.

The outcome is the same regarding the third receipt, where multiple items were purchased, because all of the items were taxable. In such a case, the

9

amount of the excessive sales tax paid is the same regardless of which item or items were discounted by the application of coupons.

Therefore, the receipt is sufficient under the specific facts of this case to demonstrate Taxpayer's entitlement to the refunds he seeks.

## V. Conclusion

For the reasons discussed above, this Court concludes that the panel correctly determined Taxpayer is entitled to the sales tax refunds he seeks for the three specific transactions at issue. Accordingly, we overrule the exceptions of the Commonwealth and BJ's and reaffirm the panel's decision.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John G. Myers,                          :
                Petitioner          :
                                           :
         v.                              :
                                            :
Commonwealth of Pennsylvania,           :      No. 274 F.R. 2016
                Respondent          :

O R D E R

AND NOW, this 6th day of August, 2021, the exceptions of Respondent, the Commonwealth of Pennsylvania (Commonwealth), and Intervenor, BJ's Wholesale Club, Inc., are OVERRULED. Judgment is entered in favor of Petitioner John G. Myers (Myers) and against the Commonwealth in the amount of 38 cents as to the claims filed by Myers at No. 274 F.R. 2016.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John G. Myers,                          :
                    Petitioner          :
                                        :  No.  274 F.R. 2016
             v.                         :
                                        :  Submitted:  June 9, 2021
Commonwealth of Pennsylvania,           :
                    Respondent          :
                                        :


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE J. ANDREW CROMPTON, Judge


DISSENTING OPINION
BY JUDGE McCULLOUGH                           FILED:  August 6, 2021


          Respectfully, I must dissent from the Majority's conclusion that John

G. Myers (Taxpayer) demonstrated that he was overcharged sales tax by BJ's

Wholesale Club, Inc. (BJ's) in violation of 61 Pa. Code §33.2.  The Majority

concludes that there is no requirement within the regulation at 61 Pa. Code

§33.2(b)(2) that a vendor's register receipt indicate precisely to which taxable item

the coupon relates in order to charge and remit sales tax on less than the original,

non-discounted price of the item.  In the Majority's view, it is enough if the register

receipt lists the items and the discounts taken on all taxable items without linking

the items to their associated coupons.  In so doing, the Majority has, in effect, taken

away the Department of Revenue's (Department) ability to perform its enforcement

function, which is to examine a vendor's records to ensure that the vendor collected the proper amount of sales tax required for each item sold. *See* Sections 271(a) and 272 of the Tax Reform Code of 1971[1] (Tax Code), 72 P.S. §§7271(a), 7272.

Under Pennsylvania's sales tax law, vendors, such as BJ's, are required to assess and collect from purchasers a sales tax of 6% of the "purchase price" of each taxable item sold. The Tax Code sets forth a comprehensive sales tax scheme, including the method by which vendors are required to calculate taxable sales and remit the sales tax to the Department. Sections 202-206, 215-227 of the Tax Code, 72 P.S. §§7202-7206, 7215-7227.

Section 202(a) of the Tax Code provides: "There is hereby imposed upon **each separate sale at retail** of tangible personal property or service . . . within this Commonwealth a tax of six percent **of the purchase price** . . . which tax shall, . . . be collected by the vendor . . . from the purchaser, and shall be paid over to the Commonwealth[2] as herein provided." 72 P.S. §7202(a) (emphasis added).

A "sale at retail" is defined in the Code, relevantly, as "[a]ny transfer, for a consideration, of the ownership, custody or possession of tangible personal property . . . whether such transfer be absolute or conditional and by whatsoever means the same shall have been effected." Section 201(k) of the Tax Code, 72 P.S. §7201(k). The measure of the retail sales tax—that is, the base against which the rate is applied—is generally the consideration paid for goods or services sold, *i.e.*, the "purchase price" the consumer pays for a product or item.

---

[1] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§7201-10004.

[2] Vendors are required to remit the taxes collected to the Department, together with a tax return, which is due either monthly, quarterly, or semi-annually, depending on the amount of the vendor's tax liability. Section 217 of the Tax Code, 72 P.S. §7217.

For a vendor to establish that it lawfully imposed and collected tax on an amount less than the listed price, (after a coupon is applied), it must demonstrate to the Department that a "new purchase price" was established for the item. If a new lower purchase price is established, then the vendor may remit the 6% sales tax based on the new, lower, after-discount purchase price of the item. Stated differently, the vendor owes the state sales tax on the full price of an item unless the vendor can establish a "new purchase price" of the item.

A vendor may establish a "new purchase price" of an item if an "exclusion" from purchase price is "separately stated and identified." 61 Pa. Code §33.2(b)(2). A store or manufacturer's coupon can establish a new purchase price "if both the item and the coupon are described on the invoice or cash register tape." *Id.* Such a showing provides a sufficient explanation to the Department as to why the vendor is remitting a sales tax based on an amount that is less than the listed purchase price. The Department's regulation, 61 Pa. Code §33.2(b)(2), provides as follows:

> **(b) Exclusions. Amounts which are excluded from the taxable portion of purchase price, if separately stated and identified, include:**
>
> \*\*\*
>
> **(2) Discounts. Amounts representing** on-the-spot cash discounts, employe discounts, volume discounts, store discounts such as "buy one, get one free," wholesaler's or trade discounts, rebates and **store or manufacturer's coupons shall establish a new purchase price if both *the item* and the coupon are described on the invoice or cash register tape**. . . . (Emphasis added.)

The Department has published the following guidance for retailers applying 61 Pa. Code § 33.2(b)(2):

> Q: How do I calculate sales tax on an item a customer purchased with a coupon?
>
> **If you have the capability to link coupons to specific items on receipts, you may charge sales tax on the lower, after-coupon price**. However, if your system does not link a coupon to a specific item, state law requires you to charge sales tax on the full purchase price of the item. For more information, review Chapter 33 of the Pennsylvania Code.[3] (Emphasis added.)

The description requirement ensures the proper administration of the sales tax law and prevents evasion of the sales tax. It also protects the vendor by requiring it to show through adequate records why the taxable price of the item was reduced. By requiring the vendor to document a taxable item and a coupon on an invoice or receipt, the vendor is able to establish that it collected the appropriate amount of sales tax.

Nothing in the Tax Code or the regulations require a vendor to have the capability to link a coupon to a specific item. According to BJ's, it does not have that capability. Therefore, it is not required to assess, collect, or remit to the Department an amount less than 6% sales tax of the original undiscounted purchase price of the taxable items listed on Taxpayer's receipts.

---

[3] Pennsylvania Department of Revenue Tax Update, "Sales & Use Tax: 12 Common Questions & Filing Errors," No. 137, August/September 2008, https://www.revenue.pa.gov/GeneralTaxInformation/News%20and%20Statistics/TaxUpdate/Documents/taxupdate137.pdf (last visited 8/05/21).

The plain text of the Tax Code and regulations refutes the Majority's conclusion that the regulation only requires a description that allows one to discern that a taxable item was purchased, and a coupon was accepted that applied to a taxable item purchased.

Sales tax is assessed upon "each separate sale at retail," which means the cash register receipt must make a clear reference to each discounted item and the coupon related to it. Support for this conclusion is found in our Supreme Court's decision in *Commonwealth v. Morris Half Hour Laundromat*, 277 A.2d 148 (Pa. 1971). There, a vendor owned and operated a chain of self-service coin operated laundromats. One location contained ten 8-pound washers with a 25¢ coin slot and two 16-pound washers with a 50¢ coin slot. Another location had sixteen single-load washers with a 35¢ coin slot, four double-load washers with a 50¢ coin slot, and two 30-pound washers with a 75¢ coin slot. *Id*. at 149. The vendor remitted to the Commonwealth 4% or 5% of the gross receipts derived from the washing machines at each of his laundromats. The Supreme Court held that this was clearly wrong because the Tax Code "imposes a tax upon each 'separate' sale at retail, and [the vendor's] computations necessarily assume[d], contrary to fact, that the entire gross receipts from one laundromat reflect[ed] a single sale at retail." *Id.* at 151.

To determine if the vendor remitted the correct amount of sales tax, the Department's auditor began with the basic assumption that each single use of one washing machine constituted one separate sale at retail. *Id*. at 151-52. The auditor had to look at each sale separately because, based on the graduated scale in effect at the time under section 202 of the former Tax Act of 1963 for Education (Computation of Tax), *formerly* 72 P.S. §3403-202,[4] the amount of tax due differed

_____

[4] Act of April 23, 1963, *as amended*, repealed by the Act of March 4, 1971, P.L. 47, No. 2.

based on the amount of the item. As the Supreme Court observed, under that (now repealed) section, the total sales tax due on one 75¢ sale was less than that due on three 25¢ sales. *Id*. at 152. Therefore, each single use of one washing machine constituted one "separate sale at retail" that had to be assessed separately.

The important takeaway from *Morris Half Hour Laundromat* is that all purchases made at a single visit do not represent one inseparable sale at retail. By concluding that the combined taxable receipts from one transaction reflect a single sale at retail, the Majority has adopted an interpretation of the sales tax provisions of the Tax Code that has expressly been rejected by the Supreme Court. *Morris Half Hour Laundromat* makes it clear that a single sale at retail means a sale of each separate item. This tenet applies whether the discount taken is a dollar amount discount, a percentage-off discount or a discount taken on the sale of an item which is less than $1.00.

Like the statute in effect at the time of *Morris Half Hour Laundromat*, section 203 of the Tax Code computes sales tax on purchases under one dollar according to a graduated schedule:

> The amount of tax imposed by section 202 of this article shall be computed as follows:
>
> (a) If the purchase price is ten cents (10¢) or less, no tax shall be collected.
>
> (b) If the purchase price is eleven cents (11¢) or more but less than eighteen cents (18¢), one cent (1¢) shall be collected.
>
> (c) If the purchase price is eighteen cents (18¢) or more but less than thirty-five cents (35¢), two cents (2¢) shall be collected.

(d) If the purchase price is thirty-five cents (35¢) or more but less than fifty-one cents (51¢), three cents (3¢) shall be collected.

(e) If the purchase price is fifty-one cents (51¢) or more but less than sixty-eight cents (68¢), four cents (4¢) shall be collected.

(f) If the purchase price is sixty-eight cents (68¢) or more but less than eighty-five cents (85¢), five cents (5¢) shall be collected.

(g) If the purchase price is eighty-five cents (85¢) or more but less than one dollar and one cent ($1.01), six cents (6¢) shall be collected.

(h) If the purchase price is more than one dollar ($1.00), six per centum of each dollar of purchase price plus the above bracket charges upon any fractional part of a dollar in excess of even dollars shall be collected.

72 P.S. §7203.

If BJ's sells five items that are less than one dollar each, say $0.25, $0.50 and $0.75, and one $0.10 coupon is used, it is impossible for the Department to verify that the correct amount of sales tax was collected unless the Department knows which item was discounted. This was clearly demonstrated in *Morris Half Hour Laundromat*.

For dollar-off coupons, such as the transactions at issue here, vendors will be required to charge sales tax on the discounted price of an item even though the Department will only able to verify that vendors have collected 6% of the discounted price of all taxable items *in toto*.

For percentage-off discounts, the Department will be unable to determine which percentage-off coupon was applied to which item, and the sales tax

owed would be impossible to verify. This is demonstrated by the following example: assume a consumer purchases two items in one transaction. The listed price of taxable Item #1 is $5.10, the listed price of taxable Item #2 is $3.50, and two coupons in the amount of 20% and 30% were presented, which were incapable of being linked to a specific item.

Assuming the 20% coupon actually related to Item #1, the sales tax would be $.24 ($5.10 x .20 = $1.02, $5.10 - $1.02 = $4.08  x .06 = $0.24). Assuming the 30% coupon related to Item #2, the sales tax would be $.15 ($3.50 x .30 = $1.05, $3.50 – $1.05 = $2.45 x .06 = $0.15) – and the total sales tax for the two items would be $0.39.

Reversing these assumptions demonstrates the incongruity of the Majority's thesis and why simply calculating the 6% sales tax on the total amount of the discounted taxable items contravenes reality. In other words, it matters which coupon relates to each item. If the 30% coupon was for Item #1, the sales tax would be $0.21 ($5.10 x .30 = $1.53, $5.10-$1.53 = $3.57 x .06 = $0.21). If the 20% coupon was for Item #2, the sales tax would be $.17 ($3.50 x .20 = $0.70,  3.50– $0.70 = $2.80 x .06 = $0.17) for total of $0.38.

Without resorting to conjecture, the percentage-off discounts cannot serve as the basis for establishing a new purchase price of the taxable items. Without a link to the specific item to which they relate, Taxpayer cannot establish that he was overcharged sales tax. This is why, contrary to the Majority's reasoning, it is not sufficient that the item and coupon merely "appear" on the register receipt, without a clear connection to the item to which it relates.

I also believe the Majority errs in its analysis of a "one item/one coupon" transaction. The Majority believes the sales tax should be assessed on the

discounted amount when one taxable item is purchased and one coupon for a taxable item is scanned ostensibly because there can be no question that the coupon related to a taxable item purchased. I do not believe this rationale passes muster. First, an item cannot be taxed differently just because it is purchased as a single item, instead of within a group of items. The fact that there might be one item and one coupon - is a matter of "happenstance" or chance, not a matter of the store's "capability" to link a coupon to an item on the receipt - which is the only way under the regulation to establish a new purchase price of an item. If the store is incapable of linking the coupon to the item on a multiple item transaction, as in this case, then the store is *ipso facto* also incapable of linking it on a "one item/one coupon" transaction - even if it may seem "obvious" due to the fact that there is only one item and one coupon used. Third, a "scanned coupon," even on a "one item/one coupon" receipt, does not necessarily prove a new "purchase price" because the discount could be for a discount which under the regulations does not establish a "new purchase price" of an item (for example, a delayed tax sale, or some other in-store promotion).

There is no law in Pennsylvania that requires a vendor, such as BJ's, to have the capability of linking a discount coupon to a particular item on the register receipt. If Taxpayer is unsatisfied with this business practice, he can take his business elsewhere, and shop at a vendor that has such capability of imposing and collecting sales tax on a discounted price. This Court cannot interfere with the Department's method of imposing sales tax on a per item basis, and its ability to ensure that vendors are reporting and remitting the correct amount of sales tax. This is precisely what the Majority has done here today by holding that there is no requirement within the regulation that the receipt indicate precisely to which taxable item the coupon relates.

For these reasons, I would grant the Commonwealth's exceptions, reverse the Panel's decision, and deny Taxpayer's petition for refund.

_____
PATRICIA A. McCULLOUGH, Judge